[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM ORDER RE: OBJECTIONS TO REQUEST FOR LEAVE TO AMEND
1. Plaintiff Pepe Hazard ("P H") has requested leave of this Court, under Practice Book § 10-59, to amend its Substitute Complaint dated June 7, 1999, to add a claim for "disgorgement of profits" to its prayer for relief. In support of this request, which was filed contemporaneously with the scheduling of oral argument on the defendants' motion in limine to exclude testimony of Mr. Kenneth Pia, an expert witness previously disclosed by the plaintiff to testify in support of a disgorgement claim, the plaintiff states that the amendment will require no additional discovery, no prejudice will result, and the trial will not be delayed.
2. In response to this request, defendant Dechert, Price and Rhoads ("Dechert") and defendants Richard D. Jones, Marc B. Friedman and Timothy J. Boyce ("the individual defendants") have filed objections.
3. Dechert claims in its objection that the request should be denied because: (a) the proposed new claim for disgorgement does not indicate the party from whom disgorgement is sought; (b) no facts pleaded in the proposed new Substitute Complaint support a claim for disgorgement; and (c) to the extent that disgorgement is sought against Dechert, the amendment should not be permitted because, as a non-fiduciary, disgorgement relief is not available against it.
4. The individual defendants object to the request because: (a) it was filed under Practice Book § 10-59 instead of § 10-60; (b) the amendment would unfairly surprise the individual defendants, for in five years of litigation before the request was filed, it was never suggested that disgorgement of profits would be sought against them; and (c) allowing the amendment will surely require additional discovery, thus delaying the trial, since no expert as to lost profits has ever been disclosed against them. CT Page 12245
5. The plaintiff responded to the defendants' objections by a pleading dated October 15, 2001. In its response, it urged this Court to exercise its discretion to allow the requested amendment, not only because of Connecticut's liberal rules for the amendment of pleadings, but because in this case, the defendants have long been on notice that "disgorgement of lost profit was a critical aspect of the damages claims made by P H. Based upon Defendants' efforts to preclude that basis for calculating damages, this claim has been one of the most hotly contested issues." Response, p. 3. Indeed, it notes that the disgorgement study of its challenged expert witness, Mr. Pia, was disclosed in late 1999. Since that time, it further notes, Mr. Pia had been cross-examined extensively by counsel.
6. As for Dechert's argument that, as a non-fiduciary, it cannot be made to disgorge profits, P H argues that the law is to the contrary. Relying upon Governor's Grove Condominium Association v. Hill DevelopmentCorp., 36 Conn. Sup. 144, 156 (1980), it claims that, "[P]ersons who knowingly join a fiduciary in an enterprise which constitutes a breach of his fiduciary duty of trust are jointly and severally liable for any injury which results." By that same logic, the plaintiff argues that the individual defendants are jointly and severally liable with Dechert for any injury that resulted from their breaches of fiduciary duty. The plaintiff's claim is thus that the individual defendants are jointly and severally liable for all profits illicitly made by Dechert, to which Mr. Pia would testify in accordance with his expert report and his deposition testimony.
7. The individual defendants are entirely right that this request for leave to amend was brought under Practice Book § 10-59, which does not apply here, instead of Practice Book § 10-60. Section 10-59
contemplates a request for leave to amend that is self-actuating unless it is objected to in a timely fashion. Section 10-60 contemplates the filing of motion that must be ruled upon by the Court. The parties have briefed the plaintiff's request as if it were a proper § 10-60
motion. Hence the Court will decide it on that basis.
8. The defendants are also correct in noting that the proposed new Substitute Complaint does not indicate from whom disgorgement relief is sought. Despite the plaintiff's claim to the contrary, however, the only party that has ever been given any prior notice that disgorgement might be sought from it is defendant Dechert.
Looking first to the Substitute Complaint itself, one sees that the breach of fiduciary duty claims against the individual defendants are in CT Page 12246 the First Count. In that count, the plaintiff seeks compensatory and punitive damages from the individual defendants for losses it claims to have suffered as a result of their individual conduct.
If the defendants' breaches of fiduciary duty caused the plaintiff to suffer business losses of any kind, to Dechert's gain or otherwise, the defendants may recover damages for such losses under the First Count.
At no point in the First Count, however, does the plaintiff suggest that any defendant should be held vicariously responsible for the doings of others, much less be required to disgorge a profit made by Dechert. At no point in that Count, moreover, is it alleged that Dechert "knowingly" aided the defendants in committing their alleged breaches of fiduciary duty.
Even under the defendant's theory of disgorgement, the lack of such an allegation would defeat the plaintiff's claim, for without it, Dechert would have no disgorgement obligation for which the individual defendants could be found vicariously liable under Governor's Grove.
It is true, of course, that in the Fourth Count of the Substitute Complaint the plaintiff has claimed that Dechert conspired with the individual defendants to breach their fiduciary duties. In that Count, moreover, the plaintiff alleges that Dechert aided, assisted, supported and cooperated with the individual defendants pursuant to that conspiracy to enrich itself, presumably by making increased profits. The Fourth Count, however, is brought only against Dechert, not against the individual defendants. Accordingly, it furnishes no basis for claiming that the individual defendants have long had notice that the plaintiff was seeking disgorgement of profits from them.
Mr. Pia's report, moreover furnishes no basis for a claim against the individual defendants. Instead, its only aim is to support a disgorgement claim against Dechert. Vicarious liability is simply never discussed.
10. Against this background, the Court agrees with the individual defendants that the proposed amendment, if directed to them, is unsupported by the allegations of the Complaint and not allowable against them because they did not have notice of it until the request to amend was filed. As to them, the request must therefore be denied.
11. Turning finally to Dechert's objection that it cannot be required to disgorge profits because it is a non-fiduciary, the Court must respectfully disagree. Not only would such an approach be fundamentally inconsistent with equitable principles, enabling wrongdoers who enrich CT Page 12247 themselves by inducing others to breach their fiduciary duties to keep their ill-gotten gains, but not surprisingly, that is not our law.
In fact, since 1937, the Restatement of Restitution has provided in relevant part as follows:
§ 201 LIABILITIES OF THIRD PERSONS
* * * * * *
 (2) where a fiduciary in violation of his duty to the beneficiary communicates confidential information to a third person, the third person, if he had notice of the violation of duty, holds upon a constructive trust for the beneficiary any profit which he makes through the use of such information.
So stated, the rule could not be clearer. One who, though not himself a fiduciary, takes confidential information from a fiduciary with knowledge that it was acquired in breach of the fiduciary's duty to the beneficiaries is liable for the disgorgement of all profits he generated by making use of the information so communicated. See e.g., TerrydaleLiquidating Trust v. Barnes, 611 F. Sup. 1006, 1031 (SDNY 1984);Midstate Amusement Corporation v. Rivers, 54 F. Sup. 738, 739
(E.D.Wash.) 1944.
For the foregoing reasons, the Court hereby OVERRULES defendant Dechert's Objection to the proposed Substitute Complaint. The plaintiff may pursue disgorgement against defendant Dechert only under the Fourth Count of its new Substitute Complaint.
It is so ORDERED this 26th day of September, 2002.
MICHAEL R. SHELDON, J. CT Page 12248